

**Bob Ferguson**
# ATTORNEY GENERAL OF WASHINGTON
Administration Division
PO Box 40100 ● Olympia, WA 98504-0100 ● (360) 753-6200

July 17, 2024

*Sent Via ECF*

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re: *Cedar Park Assembly of God Kirkland, Washington v. Myron Kreidler, in his official capacity as Insurance Commissioner for the State of Washington, AKA Mike Kreidler; Jay Robert Inslee, in his official capacity as Governor of the State of Washington,* Case No. 23-35560

**Fed. R. App. P. 28(j) Letter**

Dear Ms. Dwyer:

Defendants-Appellees submit this letter to notify the Court of *Murthy v. Missouri*, 144 S. Ct. 1972 (2024). In *Murthy*, social media users and two states alleged that federal executive branch officials and agencies pressured social media platforms to censor plaintiffs' speech in violation of the First Amendment. The Supreme Court reversed the district court's grant of a preliminary injunction, holding that plaintiffs failed to make a "clear showing" of each element of standing. *Id*. at 1986. The Court emphasized that plaintiffs "cannot rest on 'mere allegations,'" to prove standing for a preliminary injunction, but must instead point to "factual evidence" demonstrating both (1) a "causal link" between the alleged injury and the government officials' actions, and (2) redressability. *Id*. at 1986, 89. Plaintiffs failed to demonstrate both elements.

ATTORNEY GENERAL OF WASHINGTON

July 17, 2024
Page 2

First, the Court held that plaintiffs could not show causation because they had not proffered evidence tracing each act of alleged censorship to a government action, as opposed to an independent decision by a non-party. *Id*. at 1989-90.

Second, the Court held that plaintiffs failed to show redressability because, even assuming the social media platforms were initially coerced by the government, the platforms were not parties to the litigation and thus "remain free to enforce, or not to enforce, those policies—even those tainted by initial governmental coercion." *Id.* at 1995. The Court concluded that "[e]njoining the Government defendants, therefore, is unlikely to affect the platforms' content-moderation decisions." *Id*. at 1995-96.

Similarly, here, Cedar Park's alleged injury was caused by the continuing decision of its insurance carrier, Kaiser, not to offer Cedar Park a policy comporting with its religious beliefs. Cedar Park, however, did not submit evidence tracing that continuing decision to SB 6219, particularly in light of regulations stating that SB 6219 does not limit Washington's conscience objection statute. Answering Br. at 22-29. Moreover, as a non-party, Kaiser is not bound by any decision by this Court. Cedar Park has not made a "clear showing" that enjoining SB 6219 is "likely" to affect Kaiser's decision whether to offer Cedar Park a policy accommodating its religious objections in the future.

Respectfully submitted,

*s/Tera M. Heintz*
TERA M. HEINTZ
Deputy Solicitor General, WSBA 54921
*Counsel for Defendants-Appellees*