

# Nick Brown
## ATTORNEY GENERAL OF WASHINGTON
Government Compliance & Enforcement Division
PO Box 40100  ●  Olympia, WA  98504-0100  ●  360-664-9006

June 24, 2025

*Sent Via ECF*

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE: *Cedar Park Assembly of God Kirkland, Washington v. Myron Kreidler, in his official capacity as Insurance Commissioner for the State of Washington, AKA Mike Kreidler; Jay Robert Inslee, in his official capacity as Governor of the State of Washington*
Case No. 23-35560

**Fed. R. App. P. 28(j) Response Letter**

Dear Ms. Dwyer:

Defendants-Appellees submit this letter in response Cedar Park's submission of *Diamond Alternative Energy, LLC v. EPA*, __ S. Ct. __, No. 24-7, 2025 WL 1716141 (June 20, 2025), as supplemental authority in this case.

*Diamond Alternative Energy* is irrelevant here. Unlike in *Diamond Alternative Energy*, SSB 6219 did not impose a regulatory barrier to Cedar Park obtaining an abortion-excluding plan. As the panel here properly noted, after SSB 6219's enactment, Washington's Insurance Commissioner adopted regulations making clear that SSB 6219 "does not diminish or affect any rights" provided under

ATTORNEY GENERAL OF WASHINGTON

Molly Dwyer, Clerk of Court
June 24, 20255
Page 2

Washington's conscientious-objection statute. Wash. Admin. Code § 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(3). The Insurance Commissioner also approved several group health plans since SSB 6219's enactment that exclude abortion coverage, as desired by Cedar Park. *Cedar Park Assembly of God of Kirkland v. Kreidler*, 130 F.4th 757, 764-65 (9th Cir. 2025).

Applying commonsense economic principles thus undermines Cedar Park's argument. If the misperception of a regulatory barrier was the only reason Cedar Park's insurer refused to offer Cedar Park an abortion-excluding plan, it would have offered Cedar Park an abortion-excluding plan as soon as the Insurance Commissioner enacted regulations confirming it could do so (as other insurance carriers did). Cedar Park's insurer did not take such action. It is pure speculation to presume that Cedar Park's insurer would offer such a plan if the court enjoined SSB 6219, which cannot support Article III standing on summary judgment. *Diamond Alternative Energy* has no application here.

Respectfully submitted,

*s/Tera M. Heintz*
TERA M. HEINTZ
Deputy Solicitor General, WSBA No. 54914
*Counsel for Defendants-Appellees*