

November 25, 2025

VIA E-FILING

Ms. Molly Dwyer
Clerk of the Court
United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103-1526

    Re:    *Cedar Park Assembly of God of Kirkland, Washington v. Kreidler*
            Case Nos. 23-35560, 23-35585
            (Argued on August 15, 2024, before Judges Graber, Callahan,
             and Koh; Calendared for re-argument on January 8, 2026)

Dear Ms. Dwyer:

      This letter notifies the Court of *Oregon Right to Life v. Stolfi*, No. 24-6650, 2025 WL 3039959 (9th Cir. Oct. 31, 2025). There, the Ninth Circuit ruled that Oregon Right to Life could sue Oregon for exempting some religious objectors to an abortion-coverage requirement but not others. That decision supports Cedar Park's right to sue for a nearly identical violation of the Free Exercise Clause. First.Br.17–20, 39–41, 48–49; Third.Br.42, 46.

      As here, Oregon Right to Life claims "that the statutory religious exemption" to an abortion-coverage requirement "is too narrow." 2025 WL 3039959, at *9 n.3. This Court held that argument had merit, even though Oregon Right to Life is a pro-life nonprofit, not a church. *Id.* at *5–9. And the Court rejected "discount[ing]" the nonprofit's religious beliefs because it "retains objectionable coverage when the alternatives would be an even worse fit." *Id.* at *8. So too here.

      Plus, Judge VanDyke's concurrence shows that SB 6219 violates the Free Exercise Clause, which "forbid[s] the government from favoring one religion over another" or "treat[ing] certain religious practices … better than others." *Id.* at *14 (VanDyke, J., concurring). The Washington Legislature—just like Oregon's—"was aware of [churches'] religiously motivated desire for an exemption, and yet chose to

Ms. Molly Dwyer
November 25, 2025
Page 2

offer only an exemption favoring other religious activity," *id.* at *13, i.e., religious activity engaged in by health providers, facilities, and carriers, First.Br.17–20, 45–49; Third.Br.24–25, 40–41. Whatever the legislature's "reason," granting a religious exemption to healthcare-related entities "but not" churches isn't "religiously neutral." *Or. Right to Life*, 2025 WL 3039959, at *13 (VanDyke, J. concurring).

      In sum, "the government can't discriminate between religions by accommodating one and not another, particularly when both accommodations would, in the same manner, undermine the government's alleged interest in providing generally available abortion and contraception coverage." *Id*. Yet Washington "explicitly and intentionally favor[s] certain religiously motivated activity over other religious activity." *Id*. That violates the First Amendment's requirement of "government neutrality between religions" and triggers "strict scrutiny," *id*. at *15 (quotations omitted), which Washington can't satisfy, First.Br.53–55; Third.Br.48–51.

                                                              Sincerely,

                                                              s/ Rory T. Gray
                                                              Rory T. Gray
                                                              *Counsel for Plaintiff-Appellant*

Ms. Molly Dwyer
November 25, 2025
Page 3

## CERTIFICATE OF COMPLIANCE

      I certify that the body of this letter contains 348 words and complies with Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28-6.

                                                <u>s/ Rory T. Gray</u>
                                                Rory T. Gray
                                                ALLIANCE DEFENDING FREEDOM
                                                1000 Hurricane Shoals Rd. NE
                                                Suite D-1100
                                                Lawrenceville, GA 30043
                                                (770) 339-0774
                                                rgray@ADFlegal.org
                                                *Counsel for Plaintiff-Appellant*

Ms. Molly Dwyer
November 25, 2025
Page 4

## CERTIFICATE OF SERVICE

      I certify that this letter was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit on November 25, 2025, using the appellate CM/ECF system, all participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

                                          s/ Rory T. Gray
                                          Rory T. Gray
                                          ALLIANCE DEFENDING FREEDOM
                                          1000 Hurricane Shoals Rd. NE
                                          Suite D-1100
                                          Lawrenceville, GA 30043
                                          (770) 339-0774
                                          rgray@ADFlegal.org
                                          *Counsel for Plaintiff-Appellant*