

# Nick Brown
## ATTORNEY GENERAL OF WASHINGTON
Administration Division
PO Box 40100 ● Olympia, WA 98504-0100 ● (360) 753-6200

December 2, 2025

*Sent Via ECF*

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

    **Re:**   *Cedar Park Assembly of God Kirkland v. Myron Kreidler*, No. 23-35560 – Fed. R. Civ. P. 28(j) Response Letter

Dear Ms. Dwyer:

Defendants-Appellees submit this letter in response to Cedar Park's submission of *Catholic Charities Bureau, Inc. v. Wisconsin Labor & Industry Review Commission*, 605 U.S. 238 (2025), as supplemental authority. In *Catholic Charities*, the U.S. Supreme Court held that a state tax exemption for religious organizations violated the First Amendment's Establishment Clause because it applied only to religious organizations that "proselytize or serve only co-religionists" and thereby "grant[ed] a denominational preference" based on inherently "theological practices." *Id.* at 250.

That case is irrelevant here for three reasons. First, Cedar Park forfeited its Establishment Clause claim years ago by failing to appeal the dismissal of its Establishment Clause claim. *Cedar Park Assembly of God of Kirkland v. Kreidler*, 860 F. App'x 542, 544 n.3 (9th Cir. 2021) ("Cedar Park has forfeited any argument that it has standing to pursue its Establishment Clause claim by failing to raise such an argument in its opening brief.").

ATTORNEY GENERAL OF WASHINGTON

December 2, 2025
Page 2

Second, Cedar Park misrepresents that Washington law requires it to purchase insurance coverage that includes abortion coverage. Washington law requires no such thing. *See* Wash. Rev. Code § 48.43.065(3)(a) ("No individual or organization with a religious or moral tenet opposed to a specific service may be required to purchase coverage for that service or services if they object to doing so for reason of conscience or religion."); *see also* Wash. Admin. Code § 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(3) (SSB 6219 "does not diminish or affect any rights or responsibilities provided under [Washington's conscience objection statute, Wash. Rev. Code §] 48.43.065." Thus, the State has not denied Cedar Park an exemption granted to any other organization.

And third, even if Cedar Park could show that Washington law treats churches and religious healthcare entities differently, this Court already held in the first appeal that "such differential treatment does not constitute discrimination" because "providers are in the business of providing health services, while religious organizations merely purchase health coverage." *Cedar Park*, 860 F. App'x at 543-44. Cedar Park thus failed to show injury-in-fact based on any alleged differential treatment.

*Catholic Charities* has no application here.

Respectfully submitted,

*s/Tera M. Heintz*
TERA M. HEINTZ
Deputy Solicitor General, WSBA 54914
*Counsel for Defendants-Appellees*