

**Nick Brown**
### ATTORNEY GENERAL OF WASHINGTON
Administration Division
PO Box 40100 ● Olympia, WA 98504-0100 ● (360) 753-6200

December 2, 2025

*Sent Via ECF*

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

    **Re:**    *Cedar Park Assembly of God Kirkland v. Myron Kreidler*, No. 23-35560 – Fed. R. Civ. P. 28(j) Response

Dear Ms. Dwyer:

Defendants-Appellees submit this letter in response to Cedar Park's submission of *Oregon Right to Life v. Stolfi*, No. 24-6650, 2025 WL 3039959 (9th Cir. Oct. 31, 2025) as supplemental authority. In *Oregon Right to Life*, this Court reversed the dismissal of a legal challenge to Oregon's Reproductive Health Equity Act because the district court failed to credit evidence that the plaintiff's "opposition to abortion is 'genuinely religious.'" *Id*. at *5.

*Oregon Right to Life* is irrelevant here for at least three reasons.

First, neither the district court nor the State here questioned the sincerity of Cedar Park's religious objections to abortion—the only issue presented in *Oregon Right to Life*.

Second, Washington's law is nothing like the law challenged in *Oregon Right to Life*. There, the state *denied* the plaintiff an exemption from a state law requiring

ATTORNEY GENERAL OF WASHINGTON

December 2, 2025
Page 2

employers to provide insurance coverage for abortion because the plaintiff was not a religious organization. Here, however, Washington law *grants* an exemption to Cedar Park or any individual or organization with a religious or moral objection to abortion from any legal requirement to purchase an insurance policy providing such coverage. *See* Wash. Rev. Code § 48.43.065(3)(a) ("No individual or organization with a religious or moral tenet opposed to a specific service may be required to purchase coverage for that service or services if they object to doing so for reason of conscience or religion."); *see also* Wash. Admin. Code § 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(3) (SSB 6219 "does not diminish or affect any rights or responsibilities provided under [Washington's conscience objection statute, Wash. Rev. Code §] 48.43.065." Thus, the State here has not denied Cedar Park an exemption granted to any other organization.

Third, while Cedar Park cites to Judge Van Dyke's concurrence applying *Catholic Charities Bureau, Inc. v. Wisconsin Labor & Industry Review Commission*, 605 U.S. 238 (2025), the concurrence did not garner a majority, and *Catholic Charities* is irrelevant here for the reasons explained in the State's Fed. R. Civ. P. 28(j) response regarding that case. ECF 147.

*Oregon Right to Life* has no application here.

Respectfully submitted,

s/Tera M. Heintz
TERA M. HEINTZ
Deputy Solicitor General, WSBA 54914
*Counsel for Defendants-Appellees*