

January 7, 2026

<u>VIA E-FILING</u>

Ms. Molly Dwyer
Clerk of the Court
United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103-1526

      Re:    *Cedar Park Assembly of God of Kirkland, Washington v. Kuderer*
              Case Nos. 23-35560, 23-35585
              (Argued on August 15, 2024, before Judges Graber, Callahan,
              and Koh; Calendared for re-argument on January 8, 2026)

Dear Ms. Dwyer:

This letter notifies the Court of *Union Gospel Mission of Yakima v. Brown*, No. 24-7246 (9th Cir. Jan. 6, 2020). There, the Ninth Circuit ruled the case was live and applying Washington law to force ministries to hire non-ministerial employees who don't share or live out their religious beliefs "would violate" the First Amendment. Slip.Op.24. That decision bolsters this Court's jurisdiction, *e.g.*, Third.Br.4–21, and Cedar Park's claim that forcing abortion coverage into pro-life churches' employee health plans—in defiance of their faith and mission—violates the church autonomy doctrine, *e.g.*, First.Br.58–63; Third.Br.52–59.

*Yakima* clarified that Washington's limited disavowal of state-law enforcement "does not grant [the mission] the relief it seeks," which "can still be granted," so the "case is not moot." Slip.Op.16. So too here. Cedar Park seeks the abortion-free plan that it had before SB 6219 went into effect. Third.Br.5–9, 19–21. Because the conscience law and insurance regulation "do[ ] not grant" that relief, a "live controversy" exists." Slip.Op.15–16 (citation modified).

*Yakima* also explains that "direct interference with a religious organization's faith and doctrine" violates church autonomy. Slip.Op.23 (quotation omitted). There, Washington couldn't force the mission "to disregard or alter its religious mission to satisfy secular law." Slip.Op.24. Here, the Free Exercise Clause bars

Ms. Molly Dwyer
January 7, 2026
Page 2

Washington from telling Cedar Park that it can't "seek [its pro-life] 'mission' or that [an abortion-excluding] policy isn't necessary to that 'mission'—inherently religious questions," Slip.Op.24, especially as "a 'religious justification' is at the heart of" the abortion exclusion, Slip.Op.27.

In sum, *Yakima*'s logic directly applies here. Washington "doesn't contest" that Cedar Park "is a religious institution" with "a sincerely held religious belief that" an abortion-including employee health plan detriments "its religious mission" and that the church's practice of excluding abortion coverage from its health plan "is based on that religious belief." Slip.Op.34. So Cedar Park "is likely to succeed on the merits of its [church-autonomy] claim." Slip.Op.34. Otherwise, "the State could interfere with [churches'] religious mission and drive [them] from the public sphere." Slip.Op.35; *accord* First.Br.6–9, 20–23, 61–63; Third. Br.22–25, 52–59.

Sincerely,

s/ Rory T. Gray
Rory T. Gray
*Counsel for Plaintiff-Appellant*

Ms. Molly Dwyer
January 7, 2026
Page 3

## CERTIFICATE OF COMPLIANCE

I certify that the body of this letter contains 348 words and complies with Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28-6.

s/ Rory T. Gray
Rory T. Gray
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd. NE
Suite D-1100
Lawrenceville, GA 30043
(770) 339-0774
rgray@ADFlegal.org
*Counsel for Plaintiff-Appellant*

Ms. Molly Dwyer
January 7, 2026
Page 4

## CERTIFICATE OF SERVICE

I certify that this letter was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit on January 7, 2026, using the appellate CM/ECF system, all participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

s/ Rory T. Gray
Rory T. Gray
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd. NE
Suite D-1100
Lawrenceville, GA 30043
(770) 339-0774
rgray@ADFlegal.org
*Counsel for Plaintiff-Appellant*