

ALLIANCE DEFENDING
FREEDOM
FOR FAITH. FOR JUSTICE.

May 5, 2026

**VIA CM/ECF**

Molly C. Dwyer, Clerk of Court
James R. Browning Courthouse
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

>  Re:  ***Cedar Park Assembly of God v. Kuderer***
>  **Case Nos. 23-35560, 23-35585**
>  (Argued on August 15, 2024, before Judges Graber,
>  Callahan, and Koh; Reargued on January 8, 2026)

Dear Ms. Dwyer:

This letter notifies the Court of *First Choice Women's Resource Centers, Inc. v. Davenport*, __ S. Ct. __, No. 24-781, 2026 WL 1153029 (Apr. 29, 2026), which ruled that a religious pro-life nonprofit had Article III standing to challenge a subpoena that "tend[e]d to curtail" its First Amendment rights. *Id.* at *5 (citation modified).

Based on "commonsense inferences …, including inferences about third party behavior," the Court identified "a present injury to [First Choice's] First Amendment … rights." *Id.* at *7–8 (citation modified). The Court held that "by effectively restricting how First Choice may interact privately with its donors," the subpoena "marginalize[d] dissident voices and reshap[ed] the marketplace of ideas to [the government's] pleasure," thus "burden[ing] First Choice's associational rights." *Id.* at *11.

Similarly, here, SB 6219 "has caused [Cedar Park Assembly of God] to suffer an actual and ongoing injury to its First Amendment rights by

Molly C. Dwyer, Clerk of Court
May 5, 2026
Page 2

deterring" its insurer from maintaining the abortion-free health plan that its religious beliefs demand. *Id.* at *5. It makes no difference that Cedar Park's free-exercise harm is "[in]tangible" because an injury "arise[s] when a defendant burdens a plaintiff's constitutional rights." *Id.* at *8. Here, SB 6219 causes Article III injury by coercing religious "groups" like Cedar Park "to cease … protected First Amendment [activity] the government disfavors," *i.e.*, excluding abortion coverage from health plans. *Id.* The First Amendment "prohibits [Washington's] subtle interference with protected liberties no less than it does heavy-handed frontal attacks." *Id.* at *11 (citation modified).

The Washington Attorney General says Cedar Park is not injured because state law imposes the abortion-coverage obligation only on insurers who can decide whether to violate the law. But as *First Choice* affirms, this Court can make the "commonsense inference[ ]" that insurers will follow the law. *Id.* at *8 (citing *Diamond Alternative Energy v. EPA*, 606 U.S. 100, 116 (2025)). An order enjoining SB 6219's enforcement against Cedar Park and similar religious ministries will significantly increase the likelihood that Cedar Park would regain the abortion-free plan it lost. Letter of Cedar Park Pursuant to FRAP 28(j) (June 20, 2025).

Sincerely,

s/ *Rory T. Gray*

Rory T. Gray
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd. NE
Suite D-1100
Lawrenceville, GA 30043
(770) 339-0774
rgray@adflegal.org

*Attorney for Appellants*

2

Molly C. Dwyer, Clerk of Court
May 5, 2026
Page 3

## CERTIFICATE OF COMPLIANCE

I certify that the body of this letter contains 346 words and complies with Federal Rule of Appellate Procedure 28(j).

<u>*s/ Rory T. Gray*</u>
Rory T. Gray
*Attorney for Appellants*

## CERTIFICATE OF SERVICE

I certify that on May 5, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

<u>*s/ Rory T. Gray*</u>
Rory T. Gray
*Attorney for Appellants*