

**Nick Brown**

# ATTORNEY GENERAL OF WASHINGTON

Administration Division
PO Box 40100 ● Olympia, WA 98504-0100 ● (360) 753-6200

May 6, 2026

***Sent Via ECF***

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

**Re:** ***Cedar Park Assembly of God Kirkland, Washington v. Patty Kuderer,***[1]
     **No. 23-35560 – Fed. R. App. P. 28(j) Response Letter**

Dear Ms. Dwyer:

Defendants-Appellees submit this letter in response Cedar Park's submission of *First Choice Women's Resource Centers, Inc. v. Davenport*, 608 U.S. ___, No. 24-781, 2026 WL 1153029 (U.S. Apr. 29, 2026), as supplemental authority in this case. In *First Choice*, the Supreme Court held that a crisis pregnancy center sufficiently alleged pre-enforcement injury-in-fact in its complaint based on the service of a state subpoena seeking detailed donor information because the "subpoena itself" had deterred donors from associating with and donating to the center.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Insurance Commissioner Patty Kuderer should be substituted as a party.

ATTORNEY GENERAL OF WASHINGTON

May 6, 2026
Page 2

*First Choice* broke no new ground on Article III standing: it applied well-settled Supreme Court authority dating back to the 1950s, which recognized that state demands for private donor information can chill First Amendment associational rights. *See, e.g.*, *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 460-61 (1958).

*First Choice* has no application here. Unlike in *First Choice*, Cedar Park's alleged injury here—the loss of an insurance policy excluding abortion coverage—is not fairly traceable to the State and cannot be redressed by the injunction it seeks. DktEntry No. 66 at 32-40. Here, unlike in *First Choice*, the State has never taken *any* step or given *any* indication that it ever would enforce SSB 6219 to prevent an insurance company from providing Cedar Park an abortion-excluding insurance plan. To the contrary, the Insurance Commissioner has done everything in their power to make clear there is no state-law obstacle to Cedar Park purchasing such a plan. The Commissioner (1) passed a regulation confirming that SSB 6219 does not diminish anyone's statutory right to refuse to pay for or provide insurance coverage for services that violate their religious or conscience beliefs; (2) approved insurance plans that exclude abortion coverage based on the purchaser's religious objections; and (3) repeatedly and explicitly disavowed that it would ever enforce SSB 6219 to penalize an insurance company that sold an abortion-excluding policy to Cedar Park.

Cedar Park simply failed to meet its burden on summary judgment to prove causation and redressability—an evidentiary burden that was not at issue in *First Choice*. Cedar Park lacks standing.

Respectfully submitted,

*s/Tera M. Heintz*
TERA M. HEINTZ
Deputy Solicitor General, WSBA 54914
*Counsel for Defendants-Appellees*