

ALLIANCE DEFENDING

FREEDOM

FOR FAITH. FOR JUSTICE.

May 14, 2026

**<u>VIA CM/ECF</u>**

Molly C. Dwyer, Clerk of Court
James R. Browning Courthouse
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

> **Re:** ***Cedar Park Assembly of God v. Kuderer***
> **Case Nos. 23-35560, 23-35585**
> (Argued on August 15, 2024, before Judges Graber,
> Callahan, and Koh; Reargued on January 8, 2026)

Dear Ms. Dwyer:

This letter responds to the Court's April 23, 2026 order asking whether these appeals should be held pending the Supreme Court's decision in *St. Mary Catholic Parish v. Roy*, S. Ct. No. 25-581. The answer is a resounding no.

*First*, Cedar Park Assembly of God filed suit *seven years ago*, and the present appeals have been pending for over two years. During *six years* of this litigation, the church has been forced to violate its deeply held religious beliefs by including abortion coverage in its employee healthcare plan due to Washington's unconstitutional abortion-coverage mandate. Every additional day that goes by without a definitive ruling causes more constitutional and conscience harm. And another 12–14 months waiting for the decision in *St. Mary* would be unacceptable. These appeals have already been briefed and argued twice, and "justice delayed is justice denied." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021).

Molly C. Dwyer, Clerk of Court
May 14, 2026
Page 2

*Second*, no matter how the Court rules in *St. Mary*, Cedar Park should prevail here. On the "majority" side of the 7–4 circuit split framed in the *St. Mary* petition is this Court's en banc decision in *Fellowship of Christian Athletes v. San Jose Unified School District*, 82 F.4th 664 (9th Cir. 2023) (en banc). *See* Pet. for Writ of Cert. at 14–15, *St. Mary Catholic Parish v. Roy*, No. 25-581 (U.S. Nov. 13, 2025), 2025 WL 3221412 (St. Mary Pet.); *accord id.* at 16–19. Under the rule established in that case, Cedar Park wins, as it has explained at length. First.Br.1, 35–38, 40–41, 43, 49, 51–52, 55, 63–64; Third.Br.31–39, 42–44, 46, 50.

But Cedar Park also wins under the "minority" approach, i.e., that only "unfettered discretion or categorical exemptions for identical secular conduct … undermine general applicability." St. Mary Pet. at 14, 19 (emphasis omitted). Under that view, general applicability is lacking if state law (1) "creates an exemption" that "applies to conduct identical to the regulated religious exercise" or (2) provides "a mechanism for exemptions" that fails to "provide[ ] objectively defined criteria to limit or guide [officials'] discretion." Amicus Br. for the United States at 17, 22, *St. Mary Catholic Parish v. Roy*, No. 25-581 (U.S. Jan. 30, 2026), 2026 WL 314079 (St. Mary U.S. Br.) (quotation omitted).

Washington law fails both prongs of the minority test. First, SB 6219 exempts "a health plan" from the abortion-coverage requirements whenever officials think it may be necessary to "compl[y] with federal [funding] requirements." Wash. Rev. Code § 48.43.073(5). Second, Washington admits that officials have unbounded "authority and discretion" to create such exemptions "on a case-by-case basis." 3-ER-309; 4-ER-653. Such unfettered discretion—with no objectively defined standards—destroys general applicability under the minority rule. *Accord* First.Br.40–41; Third.Br.42–44.

To be sure, exemptions for identical secular conduct may occasionally be difficult to define. *E.g.*, St. Mary Pet. at 19–21; St. Mary U.S. Br. at 12–15. But not here. Any secular exclusion from an abortion-coverage requirement exempts *identical* conduct that harms Washington's asserted interests in *identical* ways. First.Br.39–40;

2

Molly C. Dwyer, Clerk of Court
May 14, 2026
Page 3

Third.Br.42. And Washington law is full of *identical* secular exclusions, ranging from multistate and self-funded plans to plans secular employers purchase from religious carriers (who are exempt from the abortion-coverage mandates), short-term plans, property/casualty liability plans, and exemptions to maintain federal funds. First.Br.37–40; Third.Br.36–42. Even under the minority view, that eliminates general applicability. So Cedar Park prevails regardless of the outcome in *St. Mary*, and it makes no sense to continue allowing Washington to violate the church's conscience and constitutional rights for an additional 12–14 months.

*Finally*, forcing Cedar Park to cover abortion in its health plan violates the church autonomy doctrine, which applies independent of the rule adopted in *Employment Division, Department of Human Resources of Oregon v. Smith*, 494 U.S. 872 (1990), First.Br.58, and will not be affected by the Supreme Court's decision in *St. Mary*. That result is compelled by Supreme Court precedent, First.Br.58–63; Third.Br.53–59, and this Court's recent decision in *Union Gospel Mission of Yakima v. Brown*, 162 F.4th 1190, 1203–09 (9th Cir. 2026); *accord* Letter of Cedar Park Pursuant to FRAP 28(j) (Jan 7, 2026). And that conclusion is reinforced by the rulings of multiple circuits, *e.g.*, First.Br.60–61; Third.Br.52–54, 57; *McRaney v. N. Am. Mission Bd. of the S. Baptist Convention*, 157 F.4th 627, 635–41 (5th Cir. 2025).

Church autonomy's shield against forced abortion coverage is well-established. Even the Obama Administration recognized that the Affordable Care Act's abortifacient-contraceptive requirement couldn't be applied to churches because of church autonomy. 77 Fed. Reg. 8,725, 8,726 (Feb. 15, 2012). Justices Ginsburg and Sotomayor also accepted that this church exemption was "justified on First Amendment grounds." *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 591 U.S. 657, 721–22 (2020) (Ginsburg, J., dissenting). And the Third Circuit has held that "Supreme Court precedent dictates a narrow form of exemption for houses of worship." *Pennsylvania v. President United States*, 930 F.3d 543, 570 n.26 (3d Cir. 2019), *rev'd on other grounds by Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 591 U.S. 657 (2020). Washington agreed by "not challeng[ing] that exemption" and telling the Supreme Court that the "narrow exception for

3

Molly C. Dwyer, Clerk of Court
May 14, 2026
Page 4

houses of worship raises distinct legal issues." Combined Br. in Opp'n, *Dep't of Health & Hum. Servs. v. California*, Nos. 19-1038, 19-1040, 19-1053 (U.S. Mar. 20, 2020), 2020 WL 1433454, at 20 n.7.

Relying on the church autonomy doctrine is the simplest way to resolve the Church's appeal in Cedar Park's favor. The Court should do so without delay, as Washington "doesn't contest" that (1) Cedar Park "is a religious institution," (2) Cedar Park holds "a sincerely held religious belief that" excluding abortion coverage from its health plan is necessary to "its religious mission," and (3) Cedar Park's practice of excluding abortion coverage from its plan "is based on that religious belief." *Yakima*, 162 F.4th at 1209.

Sincerely,

*s/ Rory T. Gray*

Rory T. Gray
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd. NE
Suite D-1100
Lawrenceville, GA 30043
(770) 339-0774
rgray@adflegal.org

*Attorney for Appellants*

4

Molly C. Dwyer, Clerk of Court
May 14, 2026
Page 5

## CERTIFICATE OF COMPLIANCE

This letter brief complies with the word limit in this Court's April 23, 2026, Order because it contains 995 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

The brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in Word 365 using a proportionally spaced typeface, 14-point Century Schoolbook.

Dated: May 14, 2026

*s/ Rory T. Gray*
Rory T. Gray
*Attorney for Appellants*

## CERTIFICATE OF SERVICE

I certify that on May 14, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*s/ Rory T. Gray*
Rory T. Gray
*Attorney for Appellants*

5