

**Nick Brown**
# ATTORNEY GENERAL OF WASHINGTON
Administration Division
PO Box 40100 ● Olympia, WA 98504-0100 ● (360) 753-6200

May 14, 2026

***Sent Via ECF***

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

**Re:** ***Cedar Park Assembly of God Kirkland, Washington v. Patty Kuderer**, et al.*
**No. 23-35560 – Supplemental Letter Brief Pursuant to Court Order**

Dear Ms. Dwyer:

Defendants/Cross Appellants Patty Kuderer and Bob Ferguson submit this letter brief in response to the panel's April 23, 2026 Order directing the parties to address whether this Court should defer a decision in this case pending a decision from the Supreme Court in *St. Mary Catholic Parish v. Roy*.

This Court should not defer its decision in this case. First, the Court should affirm the district court's judgment here based on Cedar Park's failure to establish Article III standing—a threshold determination that would not be impacted by a decision in *St. Mary*. Second, even if this Court reaches the merits, it has already

ATTORNEY GENERAL OF WASHINGTON

May 14, 2026
Page 2

adopted the rule that the petitioners in *St. Mary* ask the U.S. Supreme Court to adopt, and so the State has never argued that exemptions to state law must grant unfettered discretion or apply to identical secular conduct to defeat general applicability under *Employment Division v. Smith*. Thus, regardless of how the U.S. Supreme Court decides the question presented in *St. Mary*—whether it adopts the rule already applied by this Court or another rule that is not implicated by the challenged law here—its decision will not likely control the outcome.

**A.      This Court Should Affirm the District Court's Judgment Based on Cedar Park's Failure to Establish Standing**

At the outset, this Court can and should affirm the district court's judgment based on Cedar Park's failure to demonstrate Article III standing. Specifically, Cedar Park failed to establish that its insurance carrier, Kaiser Permanente, will not offer Cedar Park an abortion-excluding plan *in the future* due to SSB 6219. DktEntry 66 at 32-40; DktEntry 99; *see also Murthy v. Missouri*, 603 U.S. 43, 49-50 (2024) (to establish standing for prospective injunctive relief, "plaintiffs must demonstrate a substantial risk that, *in the near future*, they will suffer an injury that is traceable to a Government defendant and redressable by the injunction they seek;" past injury is relevant only for its "predictive value" and cannot alone demonstrate standing to

ATTORNEY GENERAL OF WASHINGTON

May 14, 2026
Page 3

seek injunctive relief (emphasis added)). Cedar Park thus cannot establish the clear likelihood of future injury necessary to demonstrate standing for prospective injunctive relief—the only remedy available to Cedar Park given state sovereign immunity. *Platt v. Moore*, 15 F.4th 895, 910 (9th Cir. 2021) (sovereign immunity "protects state officer defendants sued in federal court in their official capacities from liability in damages, including nominal damages").

Nor has Cedar Park established that an order enjoining application of SSB 6219 to Cedar Park would cause Kaiser Permanente or any other insurer to offer Cedar Park an abortion-excluding plan in the future. *Murthy*, 603 U.S. at 57 (courts are "'reluctant to endorse standing theories that require guesswork as to how independent decisionmakers will exercise their judgment'" (citation omitted)). To the contrary, state regulations and the Insurance Commissioner's approval of other carriers' abortion-excluding policies make clear that insurers are free under state law to offer Cedar Park an abortion-excluding plan. Dkt. 66 at 35-38. Cedar Park thus cannot show that the injunction it seeks would redress its alleged injury. Because resolution of these threshold requirements of Article III would not be impacted by a decision in *St. Mary*, this Court should not defer its decision in this case.

ATTORNEY GENERAL OF WASHINGTON

May 14, 2026
Page 4

**B.      This Court Should Not Defers Its Decision Because Resolution of *St. Mary* Will Not Control the Outcome**

Even if this Court reaches the merits here, the Supreme Court's decision in *St. Mary* will not likely control this Court's resolution of Cedar Park's Free Exercise claim. Petitioners in *St. Mary* explicitly ask the U.S. Supreme Court to adopt this Court's analysis in *Fellowship of Christian Athletes v. San Jose Unified School District Board of Education* (*FCA*), 82 F.4th 664, 687 (9th Cir. 2023) (en banc), in resolving the relevant question presented: "whether proving a lack of general applicability under *Employment Division v. Smith* requires showing unfettered discretion or categorical exemptions for identical secular conduct." Petition for a Writ of Certiorari at i (Questions Presented), 15-16, *St. Mary Catholic Parish v. Roy*, No. 25-581. Thus, even if the Supreme Court were to decide this issue in petitioner's favor, it would have no impact here because this Court has already held that a state law need not grant unfettered discretion to decisionmakers or apply only to identical secular conduct to defeat general applicability. *See FCA*, 82 F.4th at 687.

Nor would a decision in respondent's favor in *St. Mary* likely control the outcome of this case. *FCA* has been the prevailing law in this Circuit for three years and, as such, the State has never argued that the exemptions in SSB 6219 must grant unfettered discretion to the State or exempt identical secular conduct to defeat

ATTORNEY GENERAL OF WASHINGTON

May 14, 2026
Page 5

general applicability. The State has instead argued that SSB 6219 meets the requirements of *FCA* because it (1) does not grant "a mechanism for individualized exemptions[,]" (2) does not "treat . . . comparable secular activity more favorably than religious exercise" and (3) does not evidence hostility to religious beliefs. DktEntry 66 at 49-64 (citations omitted). The State is confident that it will prevail under this standard. Thus, even if the U.S. Supreme Court were to hold that state law exemptions must grant unfettered discretion or apply to identical secular conduct to defeat general applicability, its decision will only make the State's argument stronger at the margins; it will not likely control the ultimate decision.

This case has already been pending for nearly seven years, consuming valuable state resources, even though Cedar Park has never demonstrated a likelihood of future injury that is fairly traceable to SSB 6219 or redressable by the injunction it seeks. This Court should not delay its decision for another year or more awaiting a U.S. Supreme Court decision on a question that was not litigated by the parties and is unlikely to control the outcome. This Court should affirm the judgment of the district court.

ATTORNEY GENERAL OF WASHINGTON

May 14, 2026
Page 6


Respectfully submitted,

*s/Tera M. Heintz*
TERA M. HEINTZ
Deputy Solicitor General, WSBA 54914
*Counsel for Defendants-Appellees*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** | 23-35560, 23-35585

I am the attorney or self-represented party.

**This brief contains** | 977 | **words,** including | 0 | words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

◯ complies with the word limit of Cir. R. 32-1.

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◯ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

☐ it is a joint brief submitted by separately represented parties.
☐ a party or parties are filing a single brief in response to multiple briefs.
☐ a party or parties are filing a single brief in response to a longer joint brief.

⦿ complies with the length limit designated by court order dated | April 23, 2026 |.

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | s/Tera M. Heintz | **Date** | 5/14/2026

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8** | *Rev. 12/01/22*